**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


JUSTIN J. RUEB,                          )
                                         )
                 Petitioner,             )
                                         )
        v.                               )        Civil Action No.  23-01733 (UNA)
                                         )
                                         )
UNITED STATES SECRETARY                  )
OF LABOR *et al*.,                       )
                                         )
                 Respondents.            )


**MEMORANDUM OPINION**

Petitioner, appearing *pro se*, has filed a Petition for Issuance of Writ of Mandamus Pursuant

to 28 U.S.C. § 1361 and an application to proceed *in forma pauperis* (IFP).  The Court will grant

the application and dismiss the case for lack of subject-matter jurisdiction.  *See* Fed. R. Civ. P.

12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject-matter

jurisdiction is wanting).

Petitioner is a Colorado state prisoner whose prison income is being garnished to satisfy

"outstanding court costs," "criminal court ordered restitution," filing fees for civil actions in

federal and state courts, and other debt.  Pet., ECF No. 1 at 9.  Petitioner claims that for more than

14 years, "the Colorado Department of Corrections and the State of Colorado has [sic] garnished,

continuously, [at least] 90% of all money" that he "has received in his prison bank account from

his prison job wages and art-and-craft sales[.]"  *Id*.  Petitioner seeks an order to compel the U.S.

Secretary of Labor to "initiate and prosecute whatever process and litigation necessary to stop" the

Colorado Department of Corrections and Colorado lawmakers from creating the "result" he and

similarly situated Colorado prisoners have faced.[1]  *Id.* at 13.

The mandamus statute confers upon federal district courts jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  As "an option of last resort," *Illinois v. Ferriero*, 60 F.4th 704, 714 (D.C. Cir. 2023) (citation omitted), mandamus relief is available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff."  *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc).  If "all three of these threshold requirements" are not met, the Court must dismiss the petition for lack of subject-matter jurisdiction.  *Ferriero*, 60 F.4th at 714.

Absent clear authority, courts cannot compel an agency to initiate an investigation or prosecute a case because such decisions are "generally committed to an agency's absolute discretion," *Heckler v. Chaney*, 470 U.S. 821, 831 (1985), and are "presumptively immune from judicial review, *Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995).  Petitioner posits that 15 U.S.C. § 1676 "obligates the U.S. Secretary of Labor to immediately engage in the necessary court litigation needed to stop violations of § 1673/25% garnishment-cap," Pet. at 12, but the statutory provision suggests nothing of the kind.  It simply states that "[t]he Secretary of Labor, acting through the Wage and Hour Division of the Department of Labor, shall enforce the provisions of this subchapter."  15 U.S.C. § 1676.  Petitioner's broad reading of the statute fails to establish his entitlement to the demanded action, which means he "can satisfy

---

[1]  As a *pro se* litigant, Petitioner can neither prosecute the claims of his fellow prisoners, 28 U.S.C. § 1654, nor serve as a class representative, *DeBrew v. Atwood*, 792 F.3d 118, 131 (D.C. Cir. 2015).

2

neither of the first two [mandamus] requirements." *Thomas v. Holder*, 750 F.3d 899, 903-04 (D.C.

Cir. 2014).  Consequently, this case will be dismissed by separate order.

DATE: July 17, 2023                                         TREVOR N. McFADDEN
                                                            United States District Judge